UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JONATHON BROWN,

               Plaintiff,

        v.                                   Case No. 25-cv-121-bhl

DEPARTMENT OF CORRECTIONS
DIVISION OF COMMUNITY
CORRECTIONS, et al.,

               Defendants.

## SCREENING ORDER

Plaintiff Jonathon Brown, who was in custody at the Waupun Correctional Institution at the time of filing, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court on Brown's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Although Brown is no longer incarcerated, he remains subject to the requirements of the Prison Litigation Reform Act (PLRA) because he was incarcerated at the time he filed his complaint. *See* 28 U.S.C. § 1915 (h) ("As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."). The PLRA gives courts discretion to allow plaintiffs to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915(a). One of those requirements is that the

plaintiff pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Brown has been assessed and paid an initial partial filing fee of $0.44. Dkt. No. 6. Therefore, the Court will grant Brown's motion for leave to proceed without prepayment of the filing fee. Brown is still required to pay the remainder of the fee over time as he is able.

### SCREENING OF THE COMPLAINT

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim under the federal notice pleading system, Brown must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Brown need not plead every fact supporting his claims; he must only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests*." Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

There is a reason Rule 8 specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.,* 328 F.3d 374, 378 (7th Cir. 2003). "District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." *Kadamovas v. Stevens,* 706 F.3d 843, 844 (7th Cir. 2013). "Length may make

2

a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Id*.

Additionally, Rules 18 and 20 only allow a plaintiff to join multiple defendants in a single case if he asserts at least one claim against each defendant that arises out of the same events or incidents; <u>and</u> involves questions of law or fact that are common to <u>all</u> the defendants. Fed. R. Civ. P. 18(a); Fed. R. Civ. P. 20(a)(2); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). While multiple claims against a single party are fine, plaintiff cannot bring *unrelated* claims against *different* defendants in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Brown filed a 66-page complaint against over 20 named and unnamed defendants. Dkt. No. 1. Brown asks to proceed on claims based on "violating my 1st, my 4th, my, 5th, my 8th, and my 14th amendment right. Also, for kidnapping in deceit, false arrest, cruel and unusual punishment, having an unsafe environment, unlawful seizure, sexual harassment and sexual abuse, excessive force, false imprisonment, falsifying paperwork, forgery, and violating my due process clause during my detainment." *Id*. at 2. Brown asks the Court to "look through every document" (in the 52 pages of exhibits he attached) to find the facts that would give rise to each one of those claims. *Id*. at 12.

As discussed above, it is not the Court's responsibility to dig though the contents of numerous exhibits and documents to propose its own facts to screen. *See U.S. ex rel. Garst.,* 328 F.3d at 378 ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."). Before this case goes any further, the Court will require Brown to file an amended complaint that complies with Rules 8, 18, & 20. The Court will enclose a blank prisoner amended complaint form and a *pro se* guide that

explains how to file a viable complaint that will allow the Court to screen it. Brown must use that blank prisoner amended complaint form to file his amended complaint. *See* Civ. L. R. 9 (E.D. Wis.). If Brown believes he needs more space than is available on the blank prisoner amended complaint form, he may attach a *maximum* of five typed, double-spaced pages. The amended complaint should be no more than ten pages total, double-spaced. Brown does not need to include every detail giving rise to his claims. He need only provide enough facts from which the Court can reasonably infer that the defendants did what he alleges they did.

As Brown considers what facts and information to include in his amended complaint, he should remember two things. First, as noted above, he can join multiple defendants in a single case only if he asserts at least one claim against each defendant that arises out of the same events or incidents; and involves questions of law or fact that are common to all the defendants. This means that Brown likely cannot bring all of the claims he alludes—First, Fourth, Fifth, Eighth, and Fourteenth Amendment claims—in the same lawsuit. This claims likely belong in different lawsuits for which he must pay separate filing fees. Second, §1983 requires personal involvement by each individual defendant. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). Brown must explain what each of individual said or did to violate his rights. *Id*. Simply naming an individual in the caption of the complaint is not enough to state a claim against them. If Brown files an amended complaint, the Court will screen the amended complaint as required by 28 U.S.C. §1915A. If he does not file an amended complaint, the Court will likely dismiss this case.

### CONCLUSION

**IT IS THEREFORE ORDERED** that Brown's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 4) is **GRANTED**.

4

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** because it violates Fed. R. Civ. P. 8, 18, & 20. Brown may file an amended complaint that complies with the instructions in this order **within 30 days of this order**. If Brown files an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If he does not file an amended complaint, the Court will likely dismiss this case.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Brown a blank prisoner amended complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that Brown shall pay the **$349.56** balance of the filing fee, over time, as he is able. Brown must forward payments to the Clerk of Court. The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Brown is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on April 18, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge