UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JONATHON BROWN,

            Plaintiff,

      v.                                            Case No. 25-cv-121-bhl

OFFICER MAYS, et al.,

            Defendants.

## SCREENING ORDER

      Plaintiff Jonathon Brown, who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Dkt. No. 1. On April 18, 2025, the Court screened and dismissed the original complaint for violation of Federal Rules of Civil Procedure 8, 18, & 20. Dkt. No. 8. As explained in the dismissal order, Brown cannot sue numerous defendants over unrelated claims related to alleged violations of his "1st, 4th, 5th, 8th, and 14th amendment right [and] for kidnapping in deceit, false arrest, cruel and unusual punishment, having an unsafe environment, unlawful seizure, sexual harassment and sexual abuse, excessive force, false imprisonment, falsifying paperwork, forgery, and violating my due process clause during my detainment," in the same lawsuit. *Id*. The Court informed Brown that he could only join multiple defendants in a single case if he asserts at least one claim against each defendant that arises out of the same events or incidents; <u>and</u> involves questions of law or fact that are common to <u>all</u> the defendants. *Id*. The Court then gave Brown the opportunity to file an amended complaint to cure noted deficiencies. *Id*.

On May 19, 2025, Brown filed an amended complaint that cured noted deficiencies. Dkt. No. 9. Brown names as Defendants Milwaukee Secure Detention Facility (MSDF) Warden Steven Johnson, Capt. Gloudemans, Sgt. Hoarde, CO Mays, CO Ivory, and CO John Doe. *Id*. at 1. He asks to proceed on an excessive force claim and a denial of medical care claim under the Eighth Amendment. *Id*. at 2-3. According to the amended complaint, on July 25, 2024, Capt. Gloudemans ordered Sgt. Hoarde, CO Mays, CO Ivory, and CO John Doe to search Brown's cell. *Id*. at 2. Brown states that he "was not being defiant or anything," yet they "rushed" and "tackled" him. *Id*. Even after Brown was on the ground and shackled around the legs, CO John Doe continued punching him in the face 3-4 times with a closed fist. *Id*. at 3. CO John Doe also punched Brown in the back a few times with a closed fist. *Id*. CO John Doe then picked Brown's head off the ground and bashed it against the floor, causing severe pain. *Id*. Brown alleges that Sgt. Hoarde, CO Mays, and CO Ivory held him down by his arms and legs while CO John Doe was attacking him. *Id*. Brown later told the officers that he had surgery on the left side of his head as a child, so he needed medical care. *Id*. The officers denied the request and only checked his "vitals." *Id*. Brown was in such a condition following the incident that they had to cut his clothing off of him. *Id*. For relief, he seeks monetary damages. *Id*. at 5.

The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits "unnecessary and wanton infliction of pain" on prisoners. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). The question is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id*. at 7. Factors for the Court to consider in determining whether the use of force was wanton and unnecessary include "the need for an application of force, the relationship between that need and the amount of force used, the threat

'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id*. (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).

The Eighth Amendment's Cruel and Unusual Punishments Clause also prohibits a prison official from showing deliberate indifference towards a prisoner's serious medical need. *Cesal v. Moats*, 851 F.3d 714, 720-21 (7th Cir. 2017) (citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). To state a claim, Brown "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." *Id*. at 721 (quoting *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)). An objectively serious medical need is one that has either been diagnosed by a physician and demands treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id*. (quoting *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012)). The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the individual's health. *Id*. (citing *Farmer v. Brennan*, 511 U.S. 825, 836-38 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)).

Brown alleges that Capt. Gloudemans, Sgt. Hoarde, CO Mays, CO Ivory, and CO John Doe held him down, punched him, and bashed his head on the ground during a cell search on July 25, 2024, even though he was not resisting or defying orders. The incident allegedly caused severe injury to an area of his body that previously underwent surgery. Based on these allegations, the Court can reasonably infer that Capt. Gloudemans, Sgt. Hoarde, CO Mays, CO Ivory, and CO John Doe may have used excessive force. Brown additionally alleges that he suffered significant injuries and these correctional officers refused medical care, despite knowledge of prior surgery in the same area. Based on these allegations, the Court can also reasonably infer that Capt. Gloudemans, Sgt. Hoarde, CO Mays, CO Ivory, and CO John Doe may have been deliberately

indifferent towards a serious medical condition. Therefore, Brown may proceed on an Eighth Amendment excessive force claim, as well as an Eighth Amendment denial of medical care claim, against Capt. Gloudemans, Sgt. Hoarde, CO Mays, CO Ivory, and CO John Doe in connection with the July 25, 2024 incident.

The Court will dismiss Warden Johnson from the case. There is no allegation that Warden Johnson was present during the July 25, 2024 incident or that he was otherwise personally involved in the situation. His role as a supervisor at the institution is not enough to impose §1983 liability. *See Burks v. Raemisch*, 555 F.3d 593-94 (7th Cir. 2009). Therefore, Brown fails to state a claim against Warden Johnson and he will be dismissed from the case.

## Conclusion

The Court finds that Brown may proceed on an Eighth Amendment excessive force claim, as well as an Eighth Amendment denial of medical care claim, against Capt. Gloudemans, Sgt. Hoarde, CO Mays, CO Ivory, and CO John Doe in connection with the July 25, 2024 incident.

**IT IS THEREFORE ORDERED** that Warden Johnson is **DISMISSED** from the case.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Brown's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Capt. Gloudemans, Sgt. Hoarde, CO Mays, and CO Ivory.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Capt. Gloudemans, Sgt. Hoarde, CO Mays, and CO Ivory shall file a responsive pleading to the amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on July 18, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge